IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LUTHER BALL,                  }
                              }
    Plaintiff,                }
                              }   CIVIL ACTION NO.
v.                            }
                              }   00-AR-1812-S
TUSCALOOSA, COUNTY, ALABAMA,  }
                              }
    Defendant.                }
                              }

**ENTERED**

**NOV 21 2000**

## MEMORANDUM OPINION

The court has for consideration the motion of defendant, Tuscaloosa County, Alabama, to dismiss the above-entitled action brought against it by plaintiff, Luther Ball.

It appears from the exhibits attached to defendant's motion, (the court takes judicial notice of the accuracy of the records of the bankruptcy court) that plaintiff, who filed the above-entitled action on June 28, 2000, filed a Chapter 13 bankruptcy petition on May 18, 2000, without listing the chose-in-action represented by this action as an asset. The plan proposed by plaintiff to the bankruptcy court was confirmed by the bankruptcy court without reference to the above-entitled action. Plaintiff has not amended his debtor's petition and the trustee-in-bankruptcy has not sought to pursue the action as the only proper plaintiff. Instead, plaintiff's attorney-of-record has filed in the bankruptcy court an application for approval of employment of special counsel, but said application has not been ruled on.



In his response to defendant's motion to dismiss, plaintiff asserts *inter alia*:

"The plaintiff has filed for bankruptcy in this matter".

The court finds it impossible to believe that "plaintiff has filed for bankruptcy **in this matter**". (emphasis supplied).

Under the totality of circumstances, and being led to its decision by the apposite opinion of Honorable Jack T. Camp, United States District Judge for the Northern District of Georgia in *Larry L. Jones v. United States of America*, CV-95-JTC-2352, and CV-95-JTC-1208, 1997 U.S.Dist. LEXIS 18356, this court will, by separate order, grant defendant's motion to dismiss.

DONE this 21st day of November, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE